# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Dawn Godfrey, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 11284 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| Correctional Officer A. Shrestha (Star 17442), | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, Correctional Officer A. Shrestha (Star 17442) and Cook County by their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through James E. Hanlon, Jr. and Allyson L. West, Assistant State's Attorney, moves this Honorable Court for a judgment as a matter of law against the Plaintiff, Dawn Godfrey.

In support thereof, the Defendant states as follows:

### Introduction

Plaintiff claims Defendant Officer Shrestha failed to protect her from being assaulted on February 19, 2015, by approximately three other detainees at Cook County Jail. That this assault happened while Officer Shrestha was on duty is not enough for constitutional liability to attach. Instead, Plaintiff must present undisputed facts showing Officer Shrestha was aware of the specific threat presented by the other detainees and was deliberately indifferent to the risk of Plaintiff being injured by this threat. Plaintiff does not adduce sufficient evidence to establish either necessary element.

## Legal Standard

Based on that testimony, no "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a); *see Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133 (2000); *Erikson v. Wisconsin Dept. of Corrections*, 469 F.3d 600, 601 (7th Cir. 2006)(quoting *Mack v. Great Dane Trailers*, 308 F.3d 776, 780 (7th Cir. 2002).

## Argument

Plaintiff has not presented sufficient evidence that would reasonably permit this Honorable Court to find in her favor on the material question of whether Defendant Officer Shrestha failed to protect her from being punched by another detainee on February 19, 2015. Simply because this incident happened on Defendant Officer Shrestha's watch is not sufficient to impose constitutional liability, and this Court should grant the Defendant judgment as a matter of law.

Prison officials owe inmates a duty to protect them from violent assaults inflicted by other inmates. *Farmer,* 511 U.S. at 833; *Guzman v. Sheahan,* 495 F.3d 852, 856-57 (7th Cir. 2007). An official violates that duty if she is deliberately indifferent to conditions that pose a substantial risk of serious harm to an inmate. *Farmer,* 511 U.S. at 847; *Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008). A Section 1983 claim based on deliberate indifference has both an objective and a subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendant was deliberately indifferent to the substantial risk to the prisoner's health and safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005); *Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003)(citing *Farmer,* 511 U.S. at 832). The subjective element requires that

the prison official act with a sufficiently culpable state of mind, "something akin to criminal recklessness," *Norfleet v. Webster,* 439 F.3d 392, 397 (7th Cir. 2006) or "approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012)(citations omitted). A condition that poses a substantial risk of harm is one where the "risks [are] so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005).

In order to prove deliberate indifference, a detainee must show that prison officials were "aware of a substantial risk of serious injury to [the detainee] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman,* 495 F.3d at 857 (citing *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Negligence or gross negligence will not substantiate a claim of deliberate indifference; a plaintiff must show the defendant had "actual knowledge" of the risk. *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 518 (7th Cir. 2002); *see Matos*, 335 F.3d at 557 (if the defendant "should have known" of the risk to Plaintiff, the inference, if any, is of negligence). This is a "high hurdle" for a § 1983 plaintiff to overcome. *Rosario*, 670 F.3d at 821.

Here, the Plaintiff has failed to provide any evidence that Officer Shrestha ever had any notice that the Plaintiff was at a risk of harm at the hands of other detainees. Plaintiff has offered no evidence that she spoke with Officer Shrestha prior to the physical fight occurring. Additionally, the Plaintiff attempts to argue that she provided Officer Shrestha of notice by going over to the monitor area and tapping on the window. However, the evidence is uncontroverted that Officer Shrestha was not assigned to the monitor room, nor was she ever in the monitor room on the date in question. The evidence revealed that Officer Hill was the officer assigned to the monitor room. Additionally, Officer Shrestha testified that she was never in the monitor

room on the date in question. Therefore, Officer Shrestha was not put on notice that Plaintiff thought any type of incident was going to occur between her and the other three detainees involved in the physical altercation. Moreover, there has been no evidence that the Plaintiff ever spoke to Officer Shrestha nor evidence that she even attempted to inform Officer Shrestha that she feared she was going to be the victim of a fight.

Additionally, there is no evidence of any problem between Plaintiff and Goodman, or any other detainee involved in the incident, prior to February 19, 2015. Officer Shrestha testified that she thought Goodman and the other detainee (not Plaintiff) were going to fight, she made a call for assistance, or a 10-10, to have other available officers come to the tier and help break up the anticipated fight. The altercation between Plaintiff and Goodman did not occur until after the detainees were ordered to go to their cells. The act of making the 10-10 call demonstrates Officer Shrestha took steps to prevent any situation that might develop that night involving Goodman, and thus she cannot be considered deliberately indifferent. See *Guzman v. Sheahan, et al.*, 495 F.3d 852, 858-859 (7th Cir. 2007) (a trier of fact could not characterize calling for backup, even if the officer did not use verbal commands to break up a fight or take other steps to stop the situation, as deliberate indifference).

Finally, since there has been no evidence that Officer Shrestha was ever informed by the Plaintiff that she feared for her safety, Officer Shrestha cannot be held liable for the Plaintiff's claimed injuries. In fact, the video evidence reveals that the Plaintiff, herself, engaged and provoked her alleged aggressor prior to being punched in the face. Officer Shrestha did not witness this nor did she have the opportunity to intervene, as this happened within a matter of seconds.

**Conclusion**

WHEREFORE Defendant Officer Shrestha, for all of the foregoing reasons, respectfully request that this Honorable Court grant Defendant's motion for a judgment as a matter of law.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

*/s/ James E. Hanlon, Jr.*
James E. Hanlon, Jr.
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602


*/s/Allyson L. West*
Allyson L. West
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602